UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JORDAN GLOGAU,

    Plaintiff

v.

UNITED STATES,

    Defendant

Civil Action No. 20-2803 (CKK)

**MEMORANDUM OPINION**
(December 4, 2020)

Plaintiff Jordan Glogau, appearing *pro se*, brings this action seeking, among other things, to "void" the 2016 presidential election, bar President Donald J. Trump and Vice President Michael R. Pence from running for public office, put the United States government into receivership, and void all laws, treaties, and appointments undertaken during President Trump's tenure in office. The Court shall DISMISS the Complaint for the reasons set forth below.

**I. BACKGROUND**

Plaintiff sues the United States government.[1] *See* Compl. § IV. Plaintiff claims that the presidential election in 2016 was a "Coup d'etat by the Russian Government" and therefore should be "voided." *Id.* § V. In addition to "annulling" the results of the 2016 presidential election, *id.* § I, Plaintiff asks the Court to:

- Install "the Speaker of the House as the temporary President," *id.* § I;

- Put the United States government "into receivership under Chapter 9 of the Bankruptcy Code," *id.*;

---

[1] Plaintiff also suggests that his lawsuit is against President Barack Obama and Senator Mitch McConnell, but indicates that those individuals are "stand-ins for the Federal Government as a whole, not individuals." Compl. § VII; *see also id.* § IV ("The Federal Government is the defendant[.]"). Accordingly, the Court construes Plaintiff's Complaint as a suit against the United States.

1

- Give "[President] Trump, his running mate, his children, his siblings and their estates full pardons," *id.*;

- Mandate that "[President] Trump and [Vice President] Pence agree not to run and/or enter into public office[,]" *id.*; and

- Vacate "all executive orders, laws, treaties, and appointments done by [President Trump's] administration . . . including the two recent Supreme Court appointees," *id.*

Plaintiff's claims appear to be based on his belief that such actions are necessary because "[o]ur Country is in the middle of turmoil" and in a "state of collapse and disrepair." *Id.* §§ I, XI. In addition, Plaintiff indicates that "one major reason" for his lawsuit is "the totally unfair tax law that burdens high tax states like New York and California." *Id.* § I. Plaintiff appears to be a resident of New York. *See* Compl. (caption).

Plaintiff notes that he previously filed a lawsuit in the U.S. District Court for the Southern District of New York in which he "attempted to sue Donald Trump for treason." Compl. § V. That action was dismissed by the court *sua sponte* for lack of subject matter jurisdiction, as the Court concluded that Plaintiff did not have standing to sue. *See* Order of Dismissal, ECF No. 4, *Glogau v. Trump et al.*, 17-CV-2376 (CM) (S.D.N.Y.). In the present action, Plaintiff contends that "the whole idea of standing only makes sense when we're talking about normal circumstances. This is NOT the present circumstance, this is an emergency." Compl. § VI. Plaintiff then lists a number of parties that "can join the suit" if "needed for standing" including, among others, former presidents of the United States, members of President Trump's family; and active and retired military generals. *Id.*

## II. LEGAL STANDARD

As courts of limited jurisdiction, federal courts must assure themselves of jurisdiction over any controversy they hear. *See Noel Canning v. NLRB*, 705 F.3d 490, 496 (D.C. Cir. 2013). For that reason, doubts about "subject matter jurisdiction may be raised at any time, even by the

court *sua sponte*." *Jerez v. Republic of Cuba*, 777 F. Supp. 2d 6, 15 (D.D.C. 2011); *see also G. Keys PC/Logis NP v. Pope*, 630 F. Supp. 2d 13, 15 (D.D.C.2009) ("When it perceives that subject matter jurisdiction is in question, the Court should address the issue *sua sponte*."). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). "Subject-matter jurisdiction can never be waived or forfeited." *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012).

Although the Court must liberally construe pro see complaints, *see United States v. Byfield*, 391 F.3d 277, 281 (D.C. Cir. 2004), a pro se plaintiff must still meet his burden of proving that the Court has subject matter jurisdiction over the claims. *See, e.g.*, *Glaviano v. JP Morgan Chase Bank, N.A.*, 2013 WL 6823122, at *2 (D.D.C. Dec. 27, 2013) (dismissing pro se complaint for lack of subject matter jurisdiction); *Caldwell v. Kagan,* 777 F.Supp.2d 177, 178-79 (D.D.C. 2011) (*sua sponte* dismissing pro se complaint for lack of subject matter jurisdiction under Rule 12(h)(3)).

### III. DISCUSSION

Plaintiff's Complaint must be dismissed for lack of jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). "Federal courts . . . possess only that power authorized by Constitution and statute" and it is "presumed that a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Plaintiff's Complaint plainly falls outside the Court's limited jurisdiction.

First, under the doctrine of sovereign immunity, the United States may be sued only upon consent, which must be clear and unequivocal. *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (citation omitted). A waiver of sovereign immunity "must be unequivocally expressed in statutory text, and [it cannot] be implied." *Lane v. Pena*, 518 U.S. 187, 192 (1996) (citations

omitted). "Therefore, absent a congressional waiver of sovereign immunity, federal courts do not have jurisdiction to entertain a suit against the United States." *Goldstein v. United States*, 2003 WL 24108182, at *2 (D.D.C. Apr. 23, 2020) (dismissing *pro* se suit against the United States). Plaintiff bears the burden of establishing that sovereign immunity has been abrogated. *See Jackson v. Bush*, 448 F. Supp. 2d 198, 200 (D.D.C. 2006). Here, Plaintiff offers no basis in the Complaint to identify any waiver of sovereign immunity. *See, e.g.*, *Griffin v. United States*, 2019 WL 4644022, at *2 (D.D.C. Sept. 24, 2019) (concluding that Court lacked subject matter jurisdiction where pro se plaintiffs failed to "identify a statute expressly waiving immunity"). Accordingly, the Court lacks jurisdiction to consider Plaintiff's claims against the United States.

In addition, Plaintiff lacks standing.[2] To establish the "irreducible constitutional minimum of standing," a plaintiff must show that (1) he has suffered "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual and imminent, not conjectural or hypothetical"; (2) his injury is "fairly . . .[t]race[able] to the challenged action of the defendant"; and (3) "it must be likely . . . that the injury will be redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992) (internal quotation marks and citations omitted). The party bringing the action has the burden to establish his standing. *Id.* If a plaintiff lacks standing, a federal court has no subject matter jurisdiction.

Here, Plaintiff has failed to articulate any "concrete and particularized" and "actual and imminent" injury *he* has suffered or will suffer because of the results of the 2016 presidential election and the other actions of which he complains. Plaintiff must demonstrate that he "*personally* has been injured," not that "injury has been suffered by other, unidentified members

---

[2] Plaintiff appears to concede that he lacks standing to sue, and instead resorts to listing others who "can join the suit" if "OTHER parties are needed for standing." *See* Compl. § V. None of those listed are parties to the suit.

4

of the class to which [he] belongs." *Wilson v. Geithner*, 968 F. Supp. 2d 275, 279 (D.D.C. 2013) (emphasis added) (citations and quotation marks omitted).  At most, Plaintiff articulates "general grievances" based on his view of the state of the country. *See, e.g.*, Compl. §§ I (noting the "totally unfair tax law that burdens high tax states like New York and California"); VIII (alleging "sabotage of the USPS" as a "blatant attempt to sway the election"); XI ("Our Country is in the middle of turmoil"). But it is axiomatic that "a plaintiff raising only a generally available grievance about government—claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large" lacks standing. *Lujan*, 504 U.S. at 573-74. Because Plaintiff fails to allege any injury beyond a "generalized grievance," Plaintiff lacks standing to bring this suit and the Court cannot exercise jurisdiction over his claims.[3]

Although subject matter dismissals generally are without prejudice, a dismissal with prejudice is warranted upon determining that "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Jarrell v. United States Postal Serv.*, 753 F.2d 1088, 1091 (D.C. Cir. 1985).  The Court finds that no additional facts could cure the deficiencies of Plaintiff's Complaint. Dismissal with prejudice is warranted.

## IV. CONCLUSION

For the foregoing reasons, the Court shall dismiss Plaintiff's Complaint for lack of subject matter jurisdiction. An appropriate Order accompanies this Memorandum Opinion.

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge

---

[3] Plaintiff suggests that the constitutional doctrine of "standing" does not apply in "emergency" situations. *See* Compl. § VI. That is incorrect. "Subject-matter jurisdiction can never be waived or forfeited." *Gonzalez*, 565 U.S. at 141.